(31 App. Div. 629.)

### BABCOCK PRINTING–PRESS MFG. CO. v. RANOUS.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

1. INSURANCE—TRUSTS—VALIDITY.

The manager and trustee of an insurance company entered into an agreement with L. whereby L. was appointed an agent and was made co-trustee of funds of the company to consist of 60 per cent. of the net premiums which might be received by L., which were to be deposited in a trust company for the protection of those procuring policies through L. In pursuance thereof, L. deposited 60 per cent. of the premiums which he received, according to the agreement. *Held* to create an enforceable trust in favor of the policy holders which L. obtained.

2. SAME—PREFERENCE OF CREDITORS.

The agreement is not open to the objection that the officers and agents of an insurance company cannot select certain funds, and, by an agreement executed between themselves, set the same apart for particular creditors, since the fund created thereby never became the absolute property of the company, and the policy holders, as beneficiaries, attempting to enforce the provision for their benefit, do not stand as general creditors.

3. SAME—AGENTS.

One may be appointed the agent of an insurance company to transact its business, and at the same time be constituted a trustee of a fund to be composed of a certain part of the premiums he may receive, and to be used to pay losses which may accrue under the policies which he may procure.

4. TRUSTS—NOTICE TO BENEFICIARY.

Notice to, or assent of, the policy holders to be benefited by a trust fund created by the company, is not essential to the completeness of the trust.

5. SAME—PRIORITIES—ATTACHMENT.

Beneficiaries with equal rights and priorities in a trust fund cannot obtain priorities against each other by attachment.

Appeal from special term.

Action by the Babcock Printing-Press Manufacturing Company against George E. Ranous, impleaded with George A. Baynes and others, to obtain a construction of a trust instrument. From a judgment for plaintiff, defendant Ranous appeals. Affirmed.

George A. Baynes, claiming to act as manager and trustee for the United States department of the Great Northern Insurance Company of Manitoba, Canada, appointed James M. Lewis, of New York City, "my co-trustee for the funds of the Great Northern Insurance Company, deposited in the Farmers' Loan & Trust Company, for the protection of policy holders in the United States, whose policies shall have been procured through the said James M. Lewis. Such funds shall consist of 60 per cent. of the net premiums received by him, and I hereby authorize him to deposit said 60 per cent. in the Farmers' Loan & Trust Company in our joint names, and to be used for the payment of losses and special expenses connected therewith, or for the return of such portion of premium in case of cancellation of any policy on which 60 per cent. of same may have been so deposited, and cancellation of same may have been demanded by the assured. It is agreed by and between the parties hereto that such 60 per cent. of the net premiums as per account rendered monthly shall be deposited on the 20th of each second month preceding, and at the expiration of one year from the date of the first deposit one-twelfth of the amount remaining to the credit of the trustees, including interest that may be added by the Farmers' Loan & Trust Company, shall be held subject to the order of the said George A. Baynes, as trustee of the Great Northern Insurance Company, and in like manner for each successive month thereafter the one-twelfth of the total deposits of the previous twelve calendar months shall

in like manner be subject to the order of the said George A. Baynes, as trustee of the Great Northern Insurance Company. Such co-trusteeship to remain in force so long as the said James M. Lewis shall represent me as manager of the Great Northern Insurance Company for the Eastern department of the United States." The plaintiff manufacturing company and the defendant Sherwood and the Western Brass Company, the assignor of the defendant Ranous, took out policies in said company. The property of each of these parties was destroyed by fire, and actions were brought to recover thereon, and the funds deposited by Lewis and Baynes, as trustees of policy holders, were attached.

The following is the opinion of the court below (NASH, J.):

"It must be held, I think, that neither of the parties have any standing in court as attaching creditors of the Great Northern Insurance Company, unless Baynes, as manager and trustee for the United States department, had authority to act for the company in appointing Lewis as its New York agent. The fund in suit was obtained by Lewis from the premiums upon the policies he issued, and, if he had no authority to act for the company, the money he received did not belong to it, and could not be attached by its creditors. If Baynes was manager and trustee of the company, it was competent for him as such to enter into a contract with Lewis for the transaction of the business of the company, and to make any lawful agreement in connection therewith that the company itself could have made or entered into, either with Lewis individually, or with him for the benefit of those who should become policy holders. It may, therefore, be assumed, for the purposes of this action, that Baynes was manager and trustee of the company, and had authority to make and enter into the agreement with Lewis under which he acted as the New York agent of the company and as the co-trustee of Baynes in the deposit of sixty per cent. of the premiums paid to Lewis by the holders of the policies he issued. The principal question here is whether the agreement with Lewis created a trust in favor of the plaintiff and other holders of the policies he issued, or whether the sixty per cent. of the premiums he received and deposited under the agreement must nevertheless be regarded part of the general assets of the company, subject to the payment of its debts, and to attachment by its creditors. The agreement made with Lewis that sixty per cent. of the premiums he received should constitute a fund for the 'protection of policy holders in the United States whose policies shall have been procured through the said James M. Lewis' must, I think, be regarded as in the nature of a trust created for the benefit of such policy holders as Lewis might obtain, and which they can enforce. It is not open to the objection made in behalf of the defendant Ranous, that 'the officers and agents of an insurance company cannot pick out and select certain funds, and, by an agreement executed between themselves, set the same apart for any particular creditors.' The fund thus created never became the absolute property of the company, nor do the policy holders, as beneficiaries attempting to enforce the provision made for their benefit, stand in the attitude of general creditors. The agreement must be treated as one made directly between the company and the policy holders for whose benefit it was made. There is no inconsistency in appointing Lewis an agent of the company to transact its business, and at the same time constituting him the trustee of a fund to pay losses that might arise. An individual or a corporation can assign to an agent or officer a fund for any particular purpose which may be lawful, and vest in such agent or officer the title to property or assets, either in possession or expectancy, to meet obligations incurred or future liabilities. All that is required to accomplish the purpose is for the corporation to completely devest itself of all authority over, or control of, the fund. Here the fund never came to the treasury of the company. It was arrested in the course of transmission from the policy holders to the company by the agreement under which Lewis received and retained it for the use and benefit of the policy holders. The title was, by the agreement, vested in Lewis and Baynes as co-trustees; and at all times, by the terms of the agreement, has been beyond the control of the company. If the purpose of the agreement was lawful, an agreement which the company had the right to make,—and there is no suggestion that it was not,—then a trust was created which can be enforced by

the policy holders intended as its beneficiaries. The purpose and effect of the agreement here is very much like that in the case cited in support of the plaintiff's contention,—Machine Works v. Kelley, 88 N. Y. 234. Here, as there, the insurance company had parted with all right to the control of the fund inconsistent with the purpose declared by the agreement, with the further equity that here the beneficiaries themselves furnished the fund, with the control of which, or the right to control, they have never parted. That case is also authority for holding that here, as in every completely constituted trust, it is not necessary that the beneficiaries should have any knowledge of its creation. Notice to or assent of the policy holders to be benefited was not essential to the completeness of the trust. My conclusion is that the moneys deposited by Lewis in the Farmers' Loan & Trust Company and the Chatham National Bank, under the agreement made with him, constitute a fund to which the holders of the policies issued by Lewis may resort for the payment of their losses; that as to this fund the plaintiff and the defendant Elizabeth Sherwood are in the same position, as beneficiaries equal in priority, and that neither could obtain priority over the other by attachment."

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

O. Powell, for appellant.
J. H. Fargis, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of Mr. Justice NASH.